UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LUIS OCHOA, JULIE OCHOA, TYLER NEWELL, AMANDA NEWELL, STEVEN MARTIN, MARQUES FARMER, NICOLE FARMER, BRYAN AUSTIN, DYLAN AUSTIN, ANTWUAN CHANDLER, INES CHANDLER, DAMIAN ROMANELLI, CANDACE DUHON, DANIAL STAGG, ALANA STAGG, JUSTIN STEPHENS, CAROLINE STEPHENS, PAUL STUBBS, HEIDI STUBBS,<br><br>Plaintiffs,<br><br>vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC., DOE DEFENDANTS 1-10,<br><br>Defendants. | CIV. NO. 16-00629 LEK-KJM |

**ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**

On February 7, 2023, Plaintiffs Luis Ochoa, Julie Ochoa, Tyler Newell, Amanda Newell, Steven Martin, Julia Martin, Marques Farmer, Nicole Farmer, Bryan Austin, Dylan Austin, Antwuan Chandler, Ines Chandler, Damian Romanelli, Candace Duhon, Daniel Stagg, Alana Stagg, Justin Stephens, Caroline Stephens, Paul Stubbs, and Heidi Stubbs (collectively "Plaintiffs") filed their Motion for Remand to State Court ("Motion"). [Dkt. no. 35.] On February 8, 2023, this Court informed the parties that it was inclined to grant Plaintiffs'

Motion. See Minute Order - EO: Court's Inclination to Grant Plaintiffs' Motion for Remand to State Court, filed 2/8/23 (dkt. no. 36). On February 15, 2023, Defendants Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, Inc. ("Forest City" and collectively "Defendants") filed their objection to the inclination ("Opposition"), and Plaintiffs filed their Reply in Support of Motion for Remand to State Court ("Reply") on February 27, 2023. [Dkt. nos. 37, 39.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiffs' Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

Plaintiffs initiated this action in state court on October 28, 2016, and Forest City removed it to this district court on November 23, 2016. See Defendant Forest City Residential Management, LLC's Notice of Removal, filed 11/23/16 (dkt. no. 1) ("Notice of Removal"), Declaration of Randall C. Whattoff ("Whattoff Decl."), Exh. 1 (Complaint, filed in state court on 10/28/16). On October 2, 2018, this case was stayed and administratively closed, pending the outcome of Lake, et al. v. Ohana Military Communities, LLC, et al., CV 16-00555 LEK-KJM ("Lake"). [Minutes - EO: Court Order Administratively Closing

Case, filed 10/2/18 (dkt. no. 30).] The plaintiffs' claims in Lake were similar to Plaintiffs' claims in the instant case, and Ohana and Forest City were the only defendants in Lake. See generally Lake, Plaintiffs' First Amended Complaint, filed 9/20/17 (dkt. no. 75). Lake has been remanded to state court, pursuant to Lake v. Ohana Military Communities, LLC, 14 F.4th 993 (9th Cir. 2021).[1] [Lake, Order Remanding Case to State Court, filed 1/10/22 (dkt. no. 209).]

Jurisdiction in Lake was based on federal enclave jurisdiction. See Lake, Order Denying Defendants' Motion to Disqualify Counsel and/or for Sanctions and Denying Plaintiffs' Motion for Remand, filed 3/15/17 (dkt. no. 49) ("Lake Remand Order"), at 34 (concluding that there was federal enclave jurisdiction over the plaintiffs' state law claims and declining to reach the issue of whether removal was proper because Ohana and Forest City were federal officers or agents).[2] On appeal, the Ninth Circuit reversed the Lake Remand Order and vacated all of the subsequent decisions in Lake for lack of jurisdiction. 14 F.4th at 1007.

---

[1] After Lake was remanded to state court, the United States Supreme Court denied Ohana and Forest City's petition for a writ of certiorari. See Ohana Mil. Cmtys., LLC v. Lake, 142 S. Ct. 2815 (2022).

[2] The Lake Remand Order is also available at 2017 WL 11515424.

In the Motion, Plaintiffs argue the instant case should be remanded based upon the Ninth Circuit's analysis in Lake. See Motion at PageID.911. Defendants respond the instant case is distinguishable from Lake because the Notice of Removal in the instant case presented an additional basis for removal that was not asserted in Lake - diversity jurisdiction. See Opposition at 4.

**DISCUSSION**

Forest City filed the Notice of Removal in this case, and it asserted diversity jurisdiction as one of the bases for removal. See Notice of Removal at ¶¶ 6-12. The same day that Forest City filed the Notice of Removal, Ohana filed a joinder. See Defendant Ohana Military Communities, LLC's Substantive Joinder in Defendant Forest City Residential Management, LLC's Notice of Removal [Doc 1], filed 11/23/16 (dkt. no. 2) ("Joinder"). Ohana did not assert diversity jurisdiction as one of the grounds for removal. See Joinder at ¶ 3.

In the Notice of Removal, Forest City argued: "There is complete diversity of citizenship between Forest City and Plaintiffs. For the purposes of determining whether diversity exists, the citizenship of an un-served defendant such as Ohana is not relevant." [Notice of Removal at ¶ 9 (citing Watanabe v. Lankford, 684 F. Supp. 2d 1210 (D. Haw. 2010)).] Defendants rely on the same argument to support their position that remand

should be denied. See Opposition at 4 ("Forest City had the right to remove this matter to federal court because there [wa]s complete diversity between Forest City and Plaintiffs."). Plaintiffs contend Defendants' argument fails, citing Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969). [Reply at 3.] The Court agrees that Defendants' position is unsupported by the case law addressing removal jurisdiction.

The Ninth Circuit held in Clarence E. Morris, Inc. that, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." 412 F.2d at 1176. Clarence E. Morris, Inc. remains good law, and it is consistently applied by the Ninth Circuit, this district court, and other district courts within the Ninth Circuit. See, e.g., Rhodes v. Barnett, 692 F. App'x 834, 835-36 (9th Cir. 2017); Suckoll v. Walmart, Inc., Case No. 21-cv-00385-DKW-KJM, 2021 WL 5217622, at *3 (D. Hawai`i Nov. 9, 2021); Ross v. United Airlines, Inc., Case No.: 2:22-cv-01532-SB-GJS, 2022 WL 1302680, at *2-3 (C.D. Cal. Apr. 30, 2022); Farrell ex rel. Tr. of Farrell Living Tr. v. JP Morgan Chase Bank, N.A., Case No. 4:20-cv-03709 YGR, 2020 WL 6318717, at *2-3 (N.D. Cal. Oct. 28, 2020).

Defendants' reliance on the discussion of the "forum defendant rule" in Watanabe is misplaced. At the time of the Watanabe order, 28 U.S.C. § 1441(b) stated:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be **removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

Watanabe, 684 F. Supp. 2d at 1214 (emphasis in Watanabe) (quoting 28 U.S.C. § 1441(b)).[3] In Watanabe, the district court concluded that the forum defendant rule did not require remand in that case because the "properly joined in-state defendant[] had not been served at the time of removal." 684 F. Supp. 2d at 1219. In Watanabe, all of the parties, including the unserved

[3] The current version of 28 U.S.C. § 1441 states:

> Removal based on diversity of citizenship. --
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

in-state defendant, were diverse, and the plaintiffs "could have chosen to file the action in federal court based on diversity jurisdiction." Id. at 1214. The issue in Watanabe was whether the forum defendant rule precluded the removal of a case that was otherwise removable based on diversity jurisdiction. That is not the same situation presented in the instant case. This Court therefore rejects Defendants' argument regarding Watanabe.

In determining whether removal based on diversity jurisdiction was proper, this Court must consider Ohana's citizenship because Ohana was a named defendant in the case at the time of removal, see Whattoff Decl., Exh. 1 (Complaint), and there is no suggestion that Ohana was fraudulently joined. Defendants do not contest that Ohana was a citizen of Hawai`i at all relevant times. See Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC's Corporate Disclosure Statement, filed 11/23/16 (dkt. no. 3), at ¶ A ("Ohana is a Hawaii limited liability company. Ohana is managed by its members, Hawaii Military Communities LLC and the United States of America, Department of the Navy."); see also Lake, Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC's Answer to Plaintiffs' First Amended Complaint [Doc. 75], filed 6/29/18 (dkt. no. 99), at ¶ 11 ("Ohana Military Communities, LLC is a limited liability company organized under the laws of the State of Hawai`i with

its principal place of business in Hawai`i.”). Thus, complete diversity was lacking when Forest City removed the instant case, and therefore the attempt to remove the case based on diversity jurisdiction was improper. See 28 U.S.C. § 1332(a)(1); Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) (“Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.” (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996))).

Absent diversity jurisdiction, the removal of the instant case was based on the same grounds as the removal in Lake, and therefore the instant case must be remanded for the same reasons that Lake was remanded.

**CONCLUSION**

For the foregoing reasons, Plaintiffs’ Motion for Remand to State Court, filed February 7, 2023, is HEREBY GRANTED. The Clerk’s Office is DIRECTED to reopen this case immediately and to effectuate the remand on **March 22, 2023,** unless Defendants file a timely motion for reconsideration of the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 7, 2023.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LUIS OCHOA, ET AL. VS. OHANA MILITARY COMMUNITIES, LLC, ET AL; CV 16-00629 LEK-KJM; ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**